

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-10-2002

# USA v. Mayo

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3848

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Mayo" (2002). *2002 Decisions.* Paper 339.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/339

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-3848


UNITED STATES OF AMERICA

v.

KENDRA MAYO,
                    Appellant


_____


APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim. No. 00-cr-00341-02)
District Judge:   Honorable William H. Walls

_____


Submitted Under Third Circuit L.A.R. 34.1(a)
June 5, 2002
Before:   SCIRICA, BARRY, and WEIS, Circuit Judges.
(Filed June 10, 2002)

_____


OPINION


WEIS, Circuit Judge.

Defendant Kendra Mayo pleaded guilty to conspiracy to import cocaine into the United States from May 15 through May 21, 2000, contrary to 21 U.S.C.    952 and 963.  The District Court calculated her offense level under the Guidelines at 19 and sentenced defendant to 30 months imprisonment.  The Court declined to exercise its discretion to depart downward on the basis of Mayo's allegations of duress and coercion.  Nor was it persuaded that her sentence must be consistent with that imposed on a co-defendant.

During the plea colloquy, the district judge reviewed the terms of the agreement concerning a waiver of appeal.  He asked, "Now, Miss Mayo, you agree that provided you are sentenced to a level of . . . not more than 19, you are giving up your right to appeal whatever sentence you get, including not only a direct appeal but any collateral appeals. . . . Do you understand that?"  Defendant responded, "Yes, sir."

In United States v. Khattak, 273 F.3d 557 (3d Cir. 2001), this Court approved a defendant's waiver of the right to appeal as part of a plea agreement.  We observed that although the right of appeal is based on statutory rather than constitutional grounds, waivers of that right should be strictly construed.  Id. at 562.  Thus, if there exis unusual circumstances where a miscarriage of justice would result, such a waiver may be invalidated.

We have carefully examined the submissions in this case and find no basis for invalidating the waiver.

Accordingly, the appeal will be dismissed.


_____


TO THE CLERK:

Please file the foregoing Opinion.


                              /s/ Joseph F. Weis Jr.
                              United States Circuit Judge